UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ALLIANT SPECIALTY INSURANCE SERVICES, INC., a California corporation<br><br>Plaintiff<br><br>vs.<br><br>Tribal-Care Insurance LLC, an Indiana Limited Liability Company<br><br>Defendant | CASE No. 2:18-cv-363 |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES, AND DEMAND FOR JURY TRIAL

Alliant Specialty Insurance Services, Inc ("Alliant" or "Plaintiff"), by and through its attorneys, and for its Complaint against Defendant Tribal-Care Insurance LLC ("Defendant"), alleges as follows:

## THE PARTIES

1. Plaintiff Alliant is a California corporation having its principal place of business at 701 B Street, 6th Floor, San Diego, CA 92101.

2. Alliant is informed and believes that Defendant is an Indiana Limited Liability Company having its principal place of business at 9167 Wicker Avenue, Suite 11, St. John, Indiana 46373.

1124117.1

## JURISDICTION

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338, 15 U.S.C. § 1121 and the principles of pendant jurisdiction.

4. This Court has personal jurisdiction over Defendant because, inter alia, on information and belief, Defendant has its principal place of business within this district.

## VENUE

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because Defendant is subject to personal jurisdiction in this judicial district and because a substantial part of the events and activities giving rise to Alliant's claims occurred in this judicial district.

## FACTUAL BACKGROUND

6. Alliant is informed and believes that HealthSmart Holdings, Inc. ("HealthSmart"), began using the TribalCare trademark in interstate commerce on or about May 24, 2010 in association with various insurance services. On or about April 6, 2011, HealthSmart filed a federal trademark application seeking registration of the TribalCare trademark. United States Trademark Registration No. 4,062,744 was granted on that application on November 29, 2011. A true and correct copy of the Registration Certificate is attached hereto as Exhibit 1.

1124117.1

7. On or about October 7, 2011, HealthSmart and Alliant entered into a Marketing and Services Agreement that, among other things, gave Alliant the right to use the TribalCare trademark. Since that time, Alliant has continuously offered insurance services in association with the TribalCare mark. Consumers have come to associate the TribalCare mark with services offered by Alliant.

8. Alliant is informed and believes that HealthSmart learned of Defendant's infringing use of the mark "Tribal-Care" sometime in late 2015 or early 2016. A true and correct copy of a screen shot of the front page of Defendant's website located at https://www.tribal-care.com is attached as Exhibit 2.

9. Alliant is informed and believes that on or about January 8, 2016, HealthSmart sent a "cease and desist" letter to Defendant. A true and correct copy of that letter is attached as Exhibit 3.

10. On August 17, 2016, Defendant filed a petition in the United States Patent and Trademark Office before the Trademark Trial And Appeal Board seeking to cancel HealthSmart's registration (Cancellation No. 92064262).

11. Since Alliant had been the primary user of the TribalCare mark, Alliant and HealthSmart agreed that HealthSmart would assign the trademark rights in the TribalCare mark along with all associated goodwill and the registration to Alliant. A true and correct copy of the written assignment is

1124117.1

attached as Exhibit 4.  That assignment was recorded at the Patent and Trademark Office.  A true and correct Trademark Assignment Abstract of Title is attached as Exhibit 5.

12.     Alliant substituted into the cancellation action and answered Defendant's petition for cancellation.  The parties then began to litigate the cancellation action.  In its Petition to Cancel, Defendant states that some of the grounds for cancellation are:

- There exists a likelihood of confusion as to the source of [Alliant's] services arising from the mark Tribalcare as related to, inter alia, the common law usage of [Defendant's] trade name Tribal-care; and
- [Alliant's] services are closely related to those of [Defendant];

13.     Thus, Defendant has admitted that there is a likelihood of confusion between Alliant's TribalCare mark and the use of the Tribal-Care mark by Defendant.

14.     In response to interrogatory requests from Alliant in the cancellation action, Defendant stated "[Defendant] states that it began to use its trade name Tribal-Care Insurance at least as early as August of 2014."  Thus, Defendant has admitted that Alliant has priority of right since the priority of use of the TribalCare mark dates back to at least as early as May 24, 2010.

1124117.1

15. On January 5, 2018, Defendant filed a motion for summary judgment seeking to have the registration cancelled on the grounds that the mark was descriptive and lacked any acquired distinctiveness or secondary meaning. Alliant opposed the motion. On June 26, 2018, the Trademark Trial and Appeal Board issued an order denying Defendant's motion for summary judgment.

16. Certain filings must be made with the Patent and Trademark Office between the fifth and sixth anniversary of the registration date in order to keep a federal trademark registration in force. Due to an oversight, Alliant unintentionally failed to make the necessary filings and the registration was cancelled on July 6, 2018. The cancellation of the registration effectively ended the cancellation action because there is now no registration to cancel. There was, however, no determination on the merits by the Trademark Trial and Appeal Board.

17. On August 27, 2018, Alliant filed two new federal trademark applications for the TribalCare mark. Those applications list the services offered under the mark as "consulting and administrative services in the health care industry, namely, insurance claim adjudication, insurance claims processing, administration of employee benefit plans concerning insurance for others, medical insurance case and utilization review and insurance claim adjustment services for healthcare purchasers and payors and providers and medicare beneficiaries; insurance administration and consulting services in the field of state and federal

1124117.1

medical insurance programs; consulting and information concerning insurance; medical case management services, namely, assessing health insurance claims based on the medical services provided to patients" and "business services, namely, independent medical management services for self-funded major medical health plans; medical claims management services, namely, receiving, data entering, and re-pricing of transactions that are originated by physicians, hospitals, and ancillary medical care providers; medical cost management; providing consumer information in the field of state and federal medical care programs."

18. Alliant brings this complaint to stop Defendant's infringing use of the Tribal-Care mark including, without limitation, in connection with offering certain insurance services and in the domain name https://www.tribal-care.com.  Alliant also seeks all monetary compensation to which it is entitled from Defendant's infringing acts.

## FIRST CLAIM FOR RELIEF
**(Violation of Lanham Act Section 43(a))**

19. Alliant incorporates each of the above paragraphs as if fully set forth herein.

20. This claim for relief is for violation of Lanham Act Section 43(a), 15 U.S.C. § 1125(a).

21. The actions of Defendant as alleged herein constitute unfair competition and false advertising in violation of Lanham Act Section 43(a).

22.  Alliant will be irreparably harmed unless Defendant is enjoined from any further use of the "Tribal-Care" mark, from any further marketing, advertising, selling or offering to sell insurance products and services in association with the "Tribal-Care" mark and from any further acts of unfair competition and false advertising relating to the "TribalCare" mark.

23.  Alliant has no adequate remedy at law and serious damage to its trademark rights will result unless Defendant's wrongful use of the "Tribal-Care" mark is enjoined by the Court.

24.  Defendant has continued to use the "Tribal-Care" mark notwithstanding that it has constructive and actual knowledge of Alliant's superior trademark rights as alleged herein. Defendant's infringement of Alliant's trademark rights constitutes intentional, willful, knowing and deliberate unfair competition, false advertising and trademark infringement.

25.  Defendant's infringement has caused Alliant to suffer damages in an amount unknown at this time and, on information and belief, has caused Defendant to gain revenues and profit in an amount unknown at this time. Pursuant to 15 U.S.C. § 1117(a), Alliant is entitled to an award of monetary damages in an amount equal to the losses suffered by Alliant and the revenues and/or profits gained by Defendant. Such damages should be augmented as provided by 15 U.S.C. § 1117(a).

1124117.1

26. Pursuant to 15 U.S.C. § 1117(a), any monetary damages awarded to Alliant should be trebled.

27. Pursuant to 15 U.S.C. § 1117(a), Alliant is entitled to an award of attorneys' fees and costs of suit.

## SECOND CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

28. Alliant incorporates each of the above paragraphs as if fully set forth herein.

29. This claim for relief is for common law trademark infringement.

30. The actions of Defendant as alleged herein constitute common law trademark infringement.

31. Alliant will be irreparably harmed unless Defendant is enjoined from any further use of the "Tribal-Care" mark, from any further marketing, advertising, selling or offering to sell insurance products and services in association with the "Tribal-Care" mark and from any further acts of infringement relating to the "TribalCare" mark.

32. Alliant has no adequate remedy at law and serious damage to its rights will result unless the Defendant's wrongful use of the "Tribal-Care" mark is enjoined by the Court.

33. The actions of Defendant as alleged herein constitute intentional, willful, knowing and deliberate trademark infringement.

1124117.1

34. As a direct and proximate result of the acts of trademark infringement alleged herein, Alliant has suffered, and will continue to suffer, damages in an amount unknown at this time.  Likewise, as a direct and proximate result of the acts of trademark infringement as alleged herein, Defendant, on information and belief, wrongfully gained revenues and profit in an amount unknown at this time.

35. Defendant committed the acts of trademark infringement alleged herein intentionally, deliberately, maliciously, with intent to injure and oppress Alliant, and in conscious disregard of the rights of Alliant.  Alliant accordingly is entitled to an award of punitive and exemplary damages in an amount sufficient to punish and deter Defendant and make it an example to others.

## THIRD CLAIM FOR RELIEF
**(Common Law Unfair Competition)**

36. Alliant incorporates each of the above paragraphs as if fully set forth herein.

37. This claim for relief is for common law unfair competition.

38. The actions of Defendant as alleged herein constitute common law unfair competition.

39. Alliant will be irreparably harmed unless Defendant is enjoined from any further use of the "Tribal-Care" mark, from any further marketing, advertising, selling or offering to sell insurance products and services in association with the

"Tribal-Care" mark and from any further acts of infringement or unfair competition relating to the "TribalCare" mark.

40. Alliant has no adequate remedy at law and serious damage to its rights will result unless the Defendant's wrongful use of the "Tribal-Care" mark is enjoined by the Court.

41. The actions of Defendant as alleged herein constitute intentional, willful, knowing and deliberate unfair competition.

42. As a direct and proximate result of the acts of unfair competition alleged herein, Alliant has suffered, and will continue to suffer, damages in an amount unknown at this time. Likewise, as a direct and proximate result of the acts of unfair competition as alleged herein, on information and belief, Defendant has wrongfully gained revenues and profit in an amount unknown at this time.

43. Defendant committed the acts of unfair competition alleged herein intentionally, deliberately, maliciously, with intent to injure and oppress Alliant, and in conscious disregard of the rights of Alliant. Alliant accordingly is entitled to an award of punitive and exemplary damages in an amount sufficient to punish and deter Defendant and make it an example to others.

### FOURTH CLAIM FOR RELIEF
### (Violation of Lanham Act Section 43(d))

44. Alliant incorporates each of the above paragraphs as if fully set forth herein.

1124117.1

75. This claim for relief is for violation of Lanham Act section 43(d), 15 U.S.C. § 1125(d).

76. Defendant is using the domain name "*www.Tribal-Care.com*" (the "Domain Name") to offer its goods and services.

77. Alliant is informed and believes that Defendant has a bad-faith intent to profit from its use of the Domain Name by, among other things, diverting internet users searching for Plaintiff Alliant to Defendant's website.

78. The actions of Defendant as alleged herein violate Lanham Act section 43(d), 15 U.S.C. § 1125(d).

79. Alliant has no adequate remedy at law and it will be irreparably harmed unless ownership and control of the Domain Name is transferred to Alliant pursuant to 15 U.S.C. § 1125(d)(1)(C) and Defendant is enjoined from using any other domain names confusingly similar to the "TribalCare" mark.

80. Defendant has continued to use the Domain Name notwithstanding that it has constructive and actual knowledge of Alliant's superior rights as alleged herein. Defendant's continuing violation of Lanham Act Section 43(d) is intentional, willful, knowing and deliberate.

81. Defendant's violation as alleged herein has caused Alliant to suffer damages in an amount unknown at this time and, on information and belief, has caused Defendant to gain revenues and profit in an amount unknown at this time.

Pursuant to 15 U.S.C. § 1117(a), Alliant is entitled to an award of monetary damages in an amount equal to the losses suffered by Alliant and the revenues and/or profits gained by Defendant. Such damages should be augmented as provided by 15 U.S.C. § 1117(a).

82. Pursuant to 15 U.S.C. § 1117(a), any monetary damages awarded to Alliant should be trebled.

83. Pursuant to 15 U.S.C. § 1117(a), Alliant is entitled to an award of attorneys' fees and costs of suit.

## FIFTH CLAIM FOR RELIEF
### (Trade Name Infringement)

45. Alliant incorporates each of the above paragraphs as if fully set forth herein.

46. This claim for relief is for trade name infringement.

47. The actions of Defendant as alleged herein constitute trade name infringement.

48. Alliant will be irreparably harmed unless Defendant is enjoined from any further use of the "Tribal-Care" trade name or mark, from any further marketing, advertising, selling or offering to sell insurance products and services in association with the "Tribal-Care" mark or trade name and from any further acts of infringement relating to the "TribalCare" mark.

49. Alliant has no adequate remedy at law and serious damage to its rights will result unless the Defendant's wrongful use of the "Tribal-Care" mark or trade name is enjoined by the Court.

50. The actions of Defendant as alleged herein constitute intentional, willful, knowing and deliberate trade name infringement.

51. As a direct and proximate result of the acts of trade name infringement alleged herein, Alliant has suffered, and will continue to suffer, damages in an amount unknown at this time. Likewise, as a direct and proximate result of the acts of trade name infringement as alleged herein, on information and belief, Defendant has wrongfully gained revenues and profit in an amount unknown at this time.

52. Defendant committed the acts of unfair competition alleged herein intentionally, deliberately, maliciously, with intent to injure and oppress Alliant, and in conscious disregard of the rights of Alliant. Alliant accordingly is entitled to an award of punitive and exemplary damages in an amount sufficient to punish and deter Defendant and make it an example to others.

### SIXTH CLAIM FOR RELIEF
**(Criminal Deception, Ind. Code § 35-43-5-3)**

53. Alliant incorporates each of the above paragraphs as if fully set forth herein.

1124117.1

54. Under Indiana law, a person commits criminal deception when he or she, "with intent to defraud, misrepresents the . . . identity or quality of property," or "disseminates to the public an advertisement that the person knows is false, misleading, or deceptive, with intent to promote the purchase or sale of property or the acceptance of employment." Ind. Code. § 35-43-5-3(6) and (9).

55. The actions of Defendant as alleged herein constitute intentional, willful, knowing misrepresentations of the identity of the "TribalCare" mark.

56. The actions of Defendant as alleged herein—and as illustrated in Exhibit 2—constitute intentional, willful, knowing disseminations to the public advertisements that Defendant knows are false, misleading, deceptive, and intended to confuse consumers and promote the purchase of Defendant's products and services.

57. Defendant's actions constitute criminal deception.

58. Alliant has suffered damages as a direct and proximate result of Defendant's actions.

59. Alliant is entitled to bring a civil suit to remedy the loss it suffered—and continues to suffer—as a result of Defendant's criminal deception.

60. In addition to the recovery of loss it has suffered, Alliant is entitled to treble damages, costs, and attorneys' fees pursuant to Indiana Code § 34-24-3-1.

## SEVENTH CLAIM FOR RELIEF
### (Criminal Conversion, Ind. Code § 35-43-4-3)

61. Alliant incorporates each of the above paragraphs as if fully set forth herein.

62. Under Indiana law, "[a] person who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion." Ind. Code § 35-43-4-3(a).

63. The actions of Defendant as alleged herein constitute a knowing and intentional exertion of control over Alliant's mark or trade name, "TribalCare."

64. The "TribalCare" mark is the property of Alliant.

65. Defendant's use of its similar "Tribal-Care" mark is without permission, license, or authority of Alliant.

66. Defendant's actions constitute criminal conversion.

67. Alliant has suffered damages as a direct and proximate result of Defendant's actions.

68. Alliant is entitled to bring a civil suit to remedy the loss it suffered—and continues to suffer—as a result of Defendant's criminal conversion.

69. In addition to the recovery of loss it has suffered, Alliant is entitled to treble damages, costs, and attorneys' fees pursuant to Indiana Code § 34-24-3-1.

1124117.1

## EIGHTH CLAIM FOR RELIEF
### (Criminal Mischief, Ind. Code § 35-43-1-2)

70. Alliant incorporates each of the above paragraphs as if fully set forth herein.

71. Under Indiana law, "[a] person who recklessly, knowingly, or intentionally damages or defaces property of another person without the other person's consent commits criminal mischief . . . ." Ind. Code § 35-43-1-2(a).

72. Defendant's unauthorized and intentional use of its similar "Tribal-Care" mark has damaged Alliant's mark by creating confusion in the marketplace about its identity.

73. Defendant's conduct constitutes criminal mischief.

74. Alliant has suffered damages as a direct and proximate result of Defendant's actions.

75. Alliant is entitled to bring a civil suit to remedy the loss it suffered—and continues to suffer—as a result of Defendant's criminal mischief.

76. In addition to the recovery of loss it has suffered, Alliant is entitled to treble damages, costs, and attorneys' fees pursuant to Indiana Code § 34-24-3-1.

## PRAYER FOR RELIEF

WHEREFORE, Alliant prays for relief against Defendant as follows:

1. For a preliminary and permanent injunction restraining and enjoining Defendant, and its agents, servants, employees, and all others in active concert or participation with it, as follows:

   a) From further using the "Tribal-Care" mark, or any other mark confusingly similar to "TribalCare";

   b) From further infringing Alliant's trademark rights;

   c) From any further marketing, advertising, selling or offering to sell insurance products and services in association with the "Tribal-Care" mark; and

   d) From further acts of false advertising and unfair competition as alleged herein.

2. For an award of damages suffered by Alliant, plus any revenues or profits earned by Defendant, as a result of Defendant's trademark infringement, unfair competition and false advertising, in an amount to be proven at trial.

3. For a preliminary and permanent injunction requiring Defendant, its agents, servants, employees, and all others in active concert or participation with it to transfer the ownership and control of the "*www.Tribal-Care.com*" domain name to Alliant.

4. For an award of augmented and statutory treble damages as alleged herein.

1124117.1

5. For an award of punitive and exemplary damages in an amount to be proven at trial but sufficient to punish and deter Defendant.

6. For an award of attorneys' fees and litigation expenses to the maximum extent allowed by law.

7. For costs of suit incurred herein.

8. For such other and further relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

Alliant Specialty Insurance Services, Inc. hereby demands a trial by jury.

Dated: September 25, 2018

By: */s/ Andrew W. Hull*
Andrew W. Hull (#11218-49)
Christopher D. Wagner (#32189-82)
HOOVER HULL TURNER LLP
111 Monument Circle, Suite 4400
P.O. Box 44989
Indianapolis, IN 46244-0989
Tel: (317) 822-4400
Fax: (317) 822-0234
Email: awhull@hooverhullturner.com
cwagner@hooverhullturner.com

– and –

1124117.1

D. Whitlow Bivens*
**MUSICK, PEELER & GARRETT LLP**
225 Broadway, Suite 1900
San Diego, California 92101-5028
Telephone (619) 525-2500
Facsimile (619) 231-1234
Whit Bivens (State Bar No. 190727)
  w.bivens@musickpeeler.com
(*Motion for *pro hac vice* admission to be filed)

*Attorneys for Plaintiff Alliant Specialty Insurance Services, Inc.*

1124117.1